IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

FILED
FEB 18 2000
UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
ENTERED
FEB 18 2000

| | |
|---|---|
| NRMA INSURANCE, LTD., | ) |
| *Plaintiff* | ) |
| v. | ) CIVIL ACTION NUMBER |
|  | ) CV-99-C-1721-S |
| VESTA FIRE INSURANCE CORP., ET AL., | ) |
| *Defendants.* | ) |

### MEMORANDUM OPINION COMPELLING ARBITRATION

Defendants Vesta Fire Insurance, Corp. and its agents have filed a *Motion to Compel Arbitration* pursuant to a mandatory arbitration clause embodied in Article 20 of its *Interest and Liabilities Agreement* with Plaintiff NRMA Insurance, Ltd. The issue presented is whether the parties are contractually bound to arbitrate their existing dispute under Article 20, or whether Article 21 of the Agreement unilaterally confers upon Plaintiff NRMA Insurance Ltd. the right to litigate claims arising under the Agreement. For the reasons elaborated herein, the Court finds and concludes that Defendants' *Motion to Compel Arbitration* should be granted.

I

In March 1998, duly appointed corporate representatives of Vesta Fire Insurance Corporation (hereinafter "Vesta") executed a Whole Account Quota Share Contract (hereinafter the "Agreement") with duly authorized representatives of NRMA Insurance, Ltd. (hereinafter "NRMA"). The Agreement provided that NRMA was to serve as reinsurer of fire and casualty insurance proceeds that Vesta paid to its policyholders.

48

At the heart of the instant litigation is the construction of two separate provisions which govern the forum in which claims and disputes arising under the Agreement are to be adjudicated. Article 20, the arbitration article, provides in pertinent part:

> "As a condition precedent to any right of action hereunder, in the event of any dispute or difference of opinion hereafter arising with respect to this Contract, it is hereby mutually agreed that such dispute or difference of opinion shall be admitted to arbitration . . . "

Agreement, Article 20, ¶ A. Vesta contends that this all-encompassing provision compels the parties to submit any disputes or claims arising under the Agreement to an arbitration panel.

On the other hand, NRMA argues that the arbitration article is subject to Article 21, the "service of suit" article which provides in pertinent part:

> "It is agreed that in the event the Reinsurer fails to pay any amount claimed to be due hereunder, the Reinsurer [NRMA], at the request of the Company [Vesta], will submit to the jurisdiction of a court of competent jurisdiction within the United States. **Nothing in this Article constitutes or should be understood to constitute a waiver of the Reinsurer's rights to commence an action in any court of competent jurisdiction in the United States, to remove** an action to a United States District Court, **or to seek a transfer of a case to another court** as permitted by the laws of the United States or of any state in the United States."

Agreement, Article 21, ¶ A. (emphasis added). NRMA argues that in light of the "patent ambiguity" between the arbitration article and the service of suit article, they should be construed against the drafter – Vesta Fire Insurance.

Not to be undone, Vesta responds that the arbitration article is not inconsistent with Article 21. Rather, it maintains that the latter article, typical of international quota share reinsurance agreements, is included to aid in the enforcement of arbitration awards against foreign defendants. *Old Dominion Ins. Co. v. Dependable Reinsurance Co., Ltd.*, 472 So.2d 1365, 1367 (D. Fla. 1985). It contends that to the extent any ambiguity may exist, it should be resolved in favor of arbitration.

## II

The Federal Arbitration Act ("FAA") declares "valid, irrevocable, and unenforceable" any written arbitration provision "in a contract evidencing a transaction involving commerce." 9 U.S.C. § 1, *et seq.* (West 1999). The FAA embodies a strong congressional policy in favor of liberal construction and strict enforcement of arbitration clauses in commercial contracts. *See Moses H. Cone Memorial Hospital v. Mercury Construction Corp.*, 460 U.S. 1, 24-25 (1983).

NRMA points to the settled law that a party may not be compelled to arbitrate a dispute which it has not agreed to arbitrate. *See Volt Info. Sciences, Inc., v. Bd. of Trustees of Leland Stanford Jr. Univ.*, 489 U.S. 468, 478 (1989); *Merrill Lynch, Pierce, Fenner & Smith, Inc. v. Cohen*, 62 F.3d 381, 384 (11th Cir. 1998). Arbitration is, of course, a creature of contract and generally, in the absence of prior consent, no party can be compelled to submit a dispute to arbitration unless it has consented to do so. *See Scott v. Prudential Securities, Inc.*, 141 F.3d 1007, 1011 (11th Cir. 1998).

Generally, a principal and its agent are bound to an arbitration agreement entered into by one of them when "the charges against the principal and its agent are based on the same facts and are inherently inseparable." *See Staples v. Money Tree, Inc.*, 936 F.Supp. 856, 860 (M.D. Ala. 1996); *Ex parte Gray*, 686 So.2d 250, 251 (Ala. 1996).

## III

With these principles in mind, it is clear to the Court that Vesta's Motion to Compel Arbitration must be granted.

In this case, both a written agreement to arbitrate disputes and a transaction involving

commerce are involved.

One must ignore Article 20, the arbitration article, altogether to conclude that there is no agreement to arbitrate.

And nothing in Article 21, the service of suit article, nullifies the arbitration article.

Paragraph A of Article 21 begins with the provision that in the event NRMA fails to pay any amount claimed to be due under the Agreement, NRMA, at Vesta's request, will submit to the jurisdiction of a court in the United States. Significantly, the service of suit article is triggered only when there is a failure by NRMA "to pay any amount claimed to be due under the contract." NRMA does not contractually agree to submit to the jurisdiction of a United States court in any of the myriad classes of other disputes which might arise under the contract and generate a lawsuit by Vesta in a court whose venue might otherwise be improper.

Paragraph A of the service of suit article continues with the words: "Nothing **in this article** constitutes [a waiver of the right to litigate in the courts of the United States.]" (emphasis added). Notably, it does not commence with the words: "Nothing **in this contract** constitutes a waiver . . .;" rather, Paragraph A limits its operation to the service of suit article. There are at least twenty-two separate articles in the Whole Account Quota Share Contract. The service of suit article, by its very terms, does not purport in any way to abrogate or limit any of the articles, including the arbitration article.

Clearly, the second sentence of Paragraph A merely preserved whatever right NRMA might otherwise have to bring or remove an action in the courts of the United States. That specific language was advisable in light of the possibility that Vesta may choose to file a lawsuit (e.g., to compel arbitration) or refuse to abide by an arbitration award. In either event, NRMA would have

preserved its right to remove Vesta's case from state to federal court, or to file a lawsuit in state or federal court to enforce the arbitration award.

Put another way, by virtue of the second sentence of Article 21's Paragraph A, NRMA anticipated the waiver argument, and prudently contracted around it. For the legally predictable effect of a service of suit article is to waive the insurer's right to remove a case from one court to another. *See City of Rose City v. Nutmeg Ins. Co.*, 931 F.2d 13, 15-16 (5th Cir. 1991). In the absence of the second sentence of Paragraph A, "... the parties are entitled to expect that the clause now means what it has always meant — that 'submission' to a state tribunal precludes removal to a federal court." *See Perini Corp. v. Orion Ins. Co. Ltd.*, 331 F.Supp. 453, 455 (E.D. Cal. 1971). But, of course, the foreign insurer is free to preserve by appropriate contractual language, its right to remove a case from state to federal court, and institute an action in any United States court of competent jurisdiction.

Finally, to give effect and meaning to all of the articles of the Whole Share Quota Agreement, the service of suit clause may reasonably be read as having been "designed to guarantee the enforcement of any award rendered under the arbitration clause." *See NECA Ins., Ltd. v. Nat'l Union Fire Ins. Co. of Pittsburgh, Pa.*, 595 F.Supp. 955, 958 (S.D.N.Y. 1984).

The case differs from *Thiokol Corp. v. Certain Underwriters at Lloyd's of London*, 1997 U.S. Dist. LEXIS 8264 (N.D. Utah 1997), relied on by NRMA. In that case, the arbitration article provided that arbitration of all disputes arising under the contract would take place in London, England. On the other hand, the service of suit article provided that if the defendant Lloyd's failed to pay, it would submit to jurisdiction in a United States court. Finding an obvious ambiguity between the two articles, the court construed the ambiguity against the drafter, Lloyd's of London,

and reasoned that the more specific language of the service of suit article prevailed over the more general language of the arbitration article. Ultimately, the Court held that the plaintiff Thiokol was entitled to litigate its pay dispute with Lloyd's. In this case, however, the arbitration clause does not specify a place of arbitration.

On contractual language similar to that in this case, both the Fifth Circuit and the Tenth Circuit have held that a service of suit article is not inconsistent with an arbitration article in the same agreement. *See McDermott Int'l, Inc. v. Lloyd's Underwriters of London*, 944 F.2d 1199 (5th Cir. 1991); *Hart v. Orion Ins. Co.*, 453 F.2d 1358, 1361 (10th Cir. 1971).

### IV

For these reasons, the Motion to Compel Arbitration will be GRANTED.

DONE this ____ 17th day of February, 2000.

_____
UNITED STATES DISTRICT JUDGE
U.W. CLEMON